T.C. Memo. 2015-181

UNITED STATES TAX COURT

CHARLES OKONKWO AND CECILIA OKONKWO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23496-13.                    Filed September 14, 2015.

Charles Okonkwo and Cecilia Okonkwo, pro sese.

<u>Michael W. Tan</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  After concessions, the issues for decision are whether

petitioners may deduct certain expenses and whether they are liable for section

6662(a) accuracy-related penalties.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code relating to the years in issue, and all Rule references are to the Tax

(continued...)

[*2]                              FINDINGS OF FACT

During 2008, 2009, and 2010 (years in issue) Charles Okonkwo was a cardiologist and his wife, Cecilia, worked in his medical practice.  Their principal residence (Bel Air residence) was in the Bel Air neighborhood of Los Angeles, California.  Petitioners, in 1992, purchased a vacant lot in Woodland Hills, California; in 1997, constructed a single-family house on the lot; and, through 2001, attempted to sell it.  They ceased their sales efforts in 2002 and through 2006 rented the Woodland Hills house for $6,000 per month to an unrelated tenant.  From 2007 through March 2010, petitioners' daughter resided in the Woodland Hills house and paid rent of $2,000 per month.  During this time, petitioners resumed their sales efforts and routinely cleaned the Woodland Hills house.

Harry Stiritz, Jr., a certified public accountant (C.P.A.) with real estate investment experience, prepared petitioners' returns using estimates of certain deductions that Mr. Okonkwo conveyed during their conversations.  Petitioners timely filed Forms 1040, U.S. Individual Income Tax Return, relating to the years in issue.  On Schedule A, Itemized Deductions, of their 2008 Form 1040, they

---

[1](...continued)
Court Rules of Practice and Procedure.

**[*3]** reported $100,915 of mortgage interest relating to the Bel Air residence. On Schedule E, Supplemental Income and Loss, petitioners indicated that the Woodland Hills house was rental real estate and reported rent of $24,000, total expenses (i.e., mortgage interest, taxes, insurance, and depreciation) of $158,360, and a net loss of $134,360. On Form 8582, Passive Activity Loss Limitations, they characterized their 2008 Schedule E net loss as passive. Before he prepared their 2009 and 2010 returns, Mr. Stiritz noticed, and asked petitioners about, the significant decrease in their rental income relating to the Woodland Hills house. In response, petitioners informed him that the decrease was attributable to the previous tenant's moving out of, and their daughter's moving into, the house. On Schedules C, Profit or Loss From Business, of their 2009 and 2010 Forms 1040, respectively, petitioners reported gross receipts of $24,000 and $6,000, total expenses of $108,600 and $113,820, and net losses of $84,600 and $107,820 and indicated that they were in the construction business.

During respondent's examination, and pursuant to Mr. Stiritz' advice, petitioners filed a 2008 Form 1040X, Amended U.S. Individual Income Tax Return, on which they reported, on Schedule C, the income and expenses relating to the Woodland Hills house and claimed a refund of $8,789. These items had previously been reported on petitioners' Schedule E. On July 8, 2013, respondent

**[*4]** issued petitioners a notice of deficiency relating to 2008 in which respondent disallowed the refund claim, disallowed $19,211 of the mortgage interest deduction relating to the Bel Air residence, and determined that petitioners owed income tax of $4,295 and were liable for a section 6662(a) accuracy-related penalty. Respondent, on July 8, 2013, issued a notice of deficiency relating to 2009 and 2010 in which respondent disallowed petitioners' Schedule C deductions (i.e., mortgage interest, taxes, repairs, and insurance) and adjusted certain itemized deductions (i.e., mortgage interest relating to the Bel Air residence, taxes, and retirement contributions). Respondent further determined that petitioners held the Woodland Hills house for the production of income; that the losses reported, pursuant to section 469, were passive; that petitioners owed income tax of $18,425 and $32,256, relating to 2009 and 2010, respectively; and that petitioners were liable for section 6662(a) accuracy-related penalties.

On October 17, 2013, petitioners, while residing in California, filed a petition with the Court. On April 15, 2015, the Court filed respondent's first amendment to answer in which respondent contended that the deductions at issue are limited, pursuant to section 280A, to the amounts of petitioners' rental income.

**[*5]**                                  OPINION

In general, a taxpayer may not claim deductions that would otherwise be allowable (e.g., pursuant to section 212) relating to the use of a dwelling unit as a residence.  See sec. 280A(a).  A dwelling unit is used as a residence if the taxpayer, or a family member, uses it for personal purposes for more than the greater of 14 days a year or 10% of the number of days it is rented at fair rental that year.  See sec. 280A(d)(1) and (2)(A).  Respondent contends that petitioners' deductions relating to the Woodland Hills house are limited because their daughter resided there.[2]  See sec. 280A(a), (c)(5).  Petitioners, however, contend that they are real estate developers and rented the Woodland Hills house to their daughter because their homeowners policy required that the house be occupied.  Petitioners, in essence, contend that section 280A is inapplicable.

Petitioners' daughter's use of the Woodland Hills house was personal and is attributed to petitioners.  See secs. 267(c)(4), 280A(d)(1) and (2)(A).  Because their daughter did not pay fair rental, they do not qualify for an exception to this

---

[2]Respondent asserted this contention in his first amendment to answer and accordingly has the burden of proof.  See Rule 142(a).  Respondent has, however, met his burden.

**[\*6]** rule. <u>See</u> sec. 280A(d)(2)(C).  Accordingly, deductions relating to the Woodland Hills house are limited to the extent of rental income.[3]  <u>See</u> sec. 280A(c)(5).

Respondent determined and established that petitioners are liable for a section 6662(a) and (b)(1) accuracy-related penalty for negligence relating to 2008.[4]  Petitioners did not make a reasonable attempt to comply with the law or maintain adequate books and records relating to their 2008 return.  <u>See</u> sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  Indeed, Mr. Okonkwo and Mr. Stiritz both readily acknowledged that the claimed mortgage interest deduction relating to the Bel Air residence (i.e., the only item adjusted) was based on Mr. Okonkwo's estimate.  Accordingly, we sustain respondent's determination.  <u>See</u> sec. 6664(c)(1); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 448-449 (2001).

Petitioners' understatements of income tax relating to 2009 and 2010 exceeded both 10% of the tax required to be shown on the returns and $5,000, and thus, were substantial understatements.  <u>See</u> sec. 6662(d)(1)(A).  Petitioners were

---

[3]Deductions disallowed pursuant to sec. 280A(c)(5) may be carried forward to the succeeding taxable year.  We need not determine whether petitioners' losses were passive pursuant to sec. 469.  <u>See</u> sec. 469(j)(10).

[4]Respondent bears, and has met, his burden of production relating to the 2008 sec. 6662(a) and (b)(1) accuracy-related penalty.  <u>See</u> sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).

[*7] also negligent relating to their 2009 and 2010 underpayments to the extent attributable to itemized deductions, all of which were based on Mr. Okonkwo's erroneous estimates.[5] See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Petitioners, however, reasonably relied on Mr. Stiritz' advice regarding whether their 2009 and 2010 deductions relating to the Woodland Hills house were limited by section 280A. Mr. Stiritz, a C.P.A. with real estate investment experience, was aware that during 2009 and 2010 petitioners' daughter resided in the Woodland Hills house and did not pay petitioners fair rental. Petitioners, in good faith, relied on his judgment that expenses relating to the house were fully deductible. Accordingly, they are not liable for section 6662(a) accuracy-related penalties relating to the portions of the underpayments attributable to respondent's section 280A determinations. See sec. 6664(c)(1); Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(c), Income Tax Regs. Petitioners are, however, liable for section 6662(a) accuracy-related penalties relating to the portions of the underpayments attributable to erroneously claimed itemized deductions. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

_____

[5]Respondent has met his burden of production, and petitioners bear the burden of proving a defense to the penalties. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. at 446-447.

**[*8]**  Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.